UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANICE TAYLOR,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )
                                        )   CASE NO. 1:05-cv-0671-DFH-VSS
SISTERS OF ST. FRANCIS HEALTH           )
SERVICES, INC. LTD. TRUST HEALTH        )
BENEFIT PLAN and LIBERTY LIFE           )
ASSURANCE COMPANY OF BOSTON,            )
                                        )
                    Defendants.         )


ENTRY ON MOTION TO REINSTATE


        Plaintiff Janice Taylor alleged a claim for long term disability benefits under

an employee benefit plan that she alleges is subject to the federal Employee

Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*  Defendants

Sisters of St. Francis Health Services, Inc. Ltd. Trust Health Benefit Plan and

Liberty Life Assurance Company of Boston moved to dismiss for lack of

jurisdiction because the plan qualifies as a "church plan" beyond the coverage of

ERISA.  See 29 U.S.C. § 1003(b)(2).  Plaintiff did not file a timely opposition brief.

The court granted the uncontested motion and dismissed for lack of subject

matter jurisdiction, following the lead of the Fourth Circuit and Judge Miller of the

Northern District of Indiana.  Both courts have treated a plan's status as a church

plan as one affecting subject matter jurisdiction.  See *Lown v. Continental

Casualty Co.*, 238 F.3d 543, 547-48 (4th Cir. 2001) (upholding jurisdiction under

ERISA where issue hinged on whether plan was or was not church plan); *Humphrey v. Sisters of St. Francis Health Services, Inc.*, 979 F. Supp. 781, 785-86 (N.D. Ind. 1997) (dismissing for lack of jurisdiction an ERISA claim against pension plan sponsored by defendant in this case).

Plaintiff quickly filed her Emergency Motion to Reinstate.  The motion asserts that plaintiff's counsel thought that during a pretrial conference with the magistrate judge on July 18, 2005, he had in effect requested and been granted orally an extension of time to respond to the defendant's motion.  He thought his extension of time would be for 30 days after a settlement conference scheduled for August 30, 2005, though the docket reflected no such extension.

Because the emergency motion was filed within ten days after entry of judgment, the court treats it as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  The court is satisfied that plaintiff had good cause for failing to respond within the designated time period.  Defendants do not argue otherwise.  Accordingly, the court has been willing to take an entirely fresh look at the jurisdictional "church plan" issue.

Defendants' original motion addressed in detail the complex statutory definition of a "church plan" in 29 U.S.C. § 1002(33).  One key to the definition is the nature of the sponsor of the plan, which in this case is the Sisters of St. Francis Health Services, Inc.  Defendants showed that the sponsor is a not-for-

profit corporation that is controlled by the Roman Catholic Church, through the Eastern Province of the Sisters of St. Francis of Perpetual Adoration. Accordingly, the sponsor's employees can be deemed church employees under 29 U.S.C. § 1002(33)(C)(ii)(II). Defendants also explained how, in their view, the plan sponsor also qualifies as a "civil law corporation" "associated with" the Roman Catholic Church because of the common religious bonds and convictions it shares with the Church, so that the sponsor's employees would also qualify as church employees under 29 U.S.C. § 1002(33)(C)(ii)(II).[1] Defendants also pointed out that Judge Miller found that the pension plan of Sisters of St. Francis Health Services, Inc. was a "church plan" in *Humphrey v. Sisters of St. Francis Health Services, Inc.*, 979 F. Supp. at 785-86.

Plaintiff has had ample opportunity to show that there is some flaw in the defendants' reasoning. Although it is unusual to leave an "emergency" motion pending for nearly a year, the docket shows that the Magistrate Judge has been working with and meeting with counsel in this case to try to resolve it by agreement. Those efforts have not come to fruition. Defendants' response to the plaintiff's emergency motion argued only one reason to deny it: the absence of any response on the merits of the church plan issue. Plaintiff has had ample time to

---

[1]The key portion of the definition provides: "The term employee of a church or a convention or association of churches includes * * * (II) an employee of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of Title 26 and which is controlled by or associated with a church or a convention or association of churches . . . ." 29 U.S.C. § 1002(33)(C)(ii).

respond on the issue. The record still does not reflect any indication from plaintiff as to why the defendants are not correct on the "church plan" issue. The court's fresh examination of the issue indicates that the defendants are correct on this issue. Accordingly, plaintiff's emergency motion for relief from judgment (Docket No. 21) is hereby denied.


        So ordered.

Date:  August 23, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana


Copies to:

Scott Stuart Morrisson
KRIEG DEVAULT
smorrisson@kdlegal.com

Lawrence W. Schmits
KRIEG DEVAULT
lws@kdlegal.com

Ronald E. Weldy
ABRAMS & WELDY
weldy@abramsweldy.com